UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ILDEFONSO SOTO-SERVIN,,

            Petitioner,         CIV S-05-0197 MCE PAN PS

     v.

                                    ORDER

I.N.S.,

            Respondent.

—oOo—

On January 31, 2005, petitioner, a Sacramento resident and Mexican citizen, paid the filing fee and filed a "Petition for de Novo Immigration Review" challenging an order of deportation entered August 2003 by the United States Immigration Court in San Francisco. A summons was issued January 31 but petitioner has not demonstrated service of process upon respondent.

The court's "Order Requiring Timely Service and Joint Status Report" filed January 31 instructed petitioner that

1  service of process should be completed within 120 days of filing
2  the complaint (petition) or, in this case, by Tuesday, May 31,
3  2005.
4       Service of process upon the United States and its
5  agencies is governed by Fed. R. Civ. P. (i), which provides:
6  "(1) Service of process upon the United States shall be effected
7  (A) by delivering a copy of the summons and of the complaint to
8  the United States attorney for the district in which the action
9  is brought . . . or by sending a copy of the summons and of the
10 complaint by registered or certified mail addressed to the civil
11 process clerk at the office of the United States attorney and (B)
12 by also sending a copy of the summons and of the complaint by
13 registered or certified mail to the Attorney General of the
14 United States at Washington, District of Columbia, and . . .
15 (2)(A) Service on an agency or corporation of the United States,
16 or an officer or employee of the United States sued only in an
17 official capacity, is effected by serving the United States in
18 the manner prescribed by Rule 4(I)(1) and by also sending a copy
19 of the summons and complaint by registered or certified mail to
20 the officer, employee, agency, or corporation."
21      The Ninth Circuit has encouraged district courts to be
22 "generally more solicitous of the rights of pro se litigants,
23 particularly when technical jurisdictional requirements are
24 involved." Borzeka v. Heckler, 739 F.2d 444, 448, n.2 (9th Cir.
25 1985). Lenience notwithstanding, substantial compliance with
26 Rule 4 is required, even for pro se plaintiffs. See Bramesco v.

Drug Computer Consultants, 148 F.R.D. 690 (S.D.N.Y. 1993). Moreover, that defendants have actual notice of an action, absent special circumstances, is insufficient to confer personal jurisdiction in the absence of valid service of process. See Fed. R. Civ. P. 4; Mid-Continent Wood Prod., Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991); Jackson v. Hayakawa, 682 F.2d 1344 (9th Cir. 1982).

In order to achieve compliance with Rule 4(i), plaintiff is directed to send by certified or registered mail a copy of the summons and complaint to each of the following:

Susan Curda, Regional Director
U.S. Citizenship and Immigration Services
Sacramento Sub Office
650 Capitol Mall
Sacramento CA 95815

McGregor W. Scott
United States Attorney
Eastern District of California
c/o Civil Process Clerk
501 I Street, Suite 10-100
Sacramento, CA 95814-2322

Alberto Gonzalez
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530-0001

Plaintiff is directed to file proof of such service by July 20, 2005. Failure to comply with this order may result in a

////

////

////

////

3

recommendation this action be dismissed pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

So ordered.

Dated:  June 29, 2005.

                                      /s/ Peter A. Nowinski
                                      PETER A. NOWINSKI
                                      Magistrate Judge